# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:09-cr-00385-GMN-LRL-2 |
| vs. ) | |
| ) | **ORDER** |
| CAROLYN SICKELS, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Pending before the Court is Defendant Carolyn Sickels' Motion to Reconsider (ECF No. 74). The Government filed a timely Response (ECF No. 75), to which no Reply has been submitted. For the reasons that follow, the Motion will be DENIED.

## I.   BACKGROUND

On October 4, 2010, Defendant Carolyn Sickels ("Defendant") pleaded guilty to one count of Conspiracy to Commit Money Laundering in violation of 18 U.S.C. §§ 1956(h) and (a)(1)(B)(ii) and one count of Conspiracy to Commit Money Laundering in violation of 18 U.S.C. §§ 1956(h) and 1957(a). On January 20, 2011, Defendant was sentenced to twelve (12) months and one day of imprisonment on each count, to run concurrently, and to three (3) years of supervised release. At the sentencing hearing, the Court adopted the Probation Officer's determination that a two-level increase to Defendant's Base Offense Level was appropriate under section 2S1.1(b)(2)(B) of the Sentencing Guidelines because Defendant was convicted under 18 U.S.C. § 1956.

Defendant now challenges that finding, arguing that the two-level increase was erroneous in this case. (Mot. 3:1-14, ECF No. 74.) Specifically, Defendant points to Application Note 3(C), which provides: "Subsection (b)(2)(B) shall not apply if the

defendant was convicted of a conspiracy under 18 U.S.C. § 1956(h) and the sole object of that conspiracy was to commit an offense set forth in 18 U.S.C. § 1957." U.S. Sentencing Guidelines Manual § 2S1.1, Application Note 3(C) (Nov. 1, 2010).

## II.     DISCUSSION

"Once a sentence has been imposed, . . . , it is final, and the trial judge's authority to modify it is narrowly circumscribed." *Dolan v. United States*, 130 S. Ct. 2533, 2545 (2010). In fact, prior to the adoption of Rule 35 of the Federal Rules of Criminal Procedure, trial courts had no such authority. *Id.* Now, under Rule 35, "an error may be corrected by the trial court only if it is 'clear,' and only within 14 days after the sentence is announced." *Id.* Specifically, Rule 35 provides that: "[w]ithin 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." Fed. R. Crim. P. 35(a).

Defendant argues that her sentence should be amended because Application Note 3(C) renders inapplicable the two-level increase under section 2S1.1(b)(2)(B).  However, Application Note 3(C) is only relevant if the sole object of the underlying conspiracy was to commit an offense set forth in 18 U.S.C. § 1957.  That was not the case here.     Defendant pleaded guilty to two counts of Conspiracy to Commit Money Laundering, and while one of the counts concerned a conspiracy to commit an offense set forth in 18 U.S.C. § 1957, the other count concerned a conspiracy to commit an offense set forth in 18 U.S.C. § 1955(a)(1)(B)(ii).  The count premised on 18 U.S.C. §§ 1956(h) and 1957 arose out of Defendant writing and cashing a check in order to withdraw $14,353 in drug profits, whereas the count premised on 18 U.S.C. §§ 1956(h) and (a)(1)(B)(ii) arose out of structuring transactions carried out by Defendant when she and her co-conspirator made deposits of drug profits in increments of less than $10,000 at Nevada State Bank. (*See* Plea Memorandum 8:1-12, ECF No. 53.)  Charges for such structuring payments are appropriately brought under 18

U.S.C. §§ 1956(h) and (a)(1)(B)(ii) because section 1955(a)(1)(B)(ii) renders illegal activities designed "to avoid a transaction reporting requirement under State or Federal law," but would not have been appropriately brought under section 1957 because that section is relevant only to "a monetary transaction in criminally derived property of a value greater than $10,000." Therefore, it is clear that the sole object of the conspiracy was not merely to commit an offense in violation of section 1957. Application Note 3(C) does not apply, and Defendant's Motion will be denied.

Defendant also asks the Court to modify her sentence so that she may spend six months incarcerated and six months on house arrest. (Mot. 3:19-4:21, ECF No. 74.) However, this is not the sort of "arithmetical, technical, or other clear error" that Rule 35(a) was designed to address. Rule 35(a)--the text of which was previously located at Rule 35(c)-- allows a district court "to modify a sentence only in very limited instances and *not* merely to 'reconsider' sentencing issues." *United States v. Barragan-Mendoza*, 174 F.3d 1024, 1028 (9th Cir. 1999). "Rule 35(c) is intended to permit the district court to correct obvious sentencing errors, but not to reconsider, to change its mind, or to reopen issues previously resolved under the guidelines, where there is no error." *United States v. Aguirre*, 214 F.3d 1122, 1126 (9th Cir. 2000). Here, the Court did not make an obvious error in sentencing, nor does Defendant contend that it did. Instead, Defendant merely asks the Court to reevaluate her sentence and make it less severe. Rule 35 does not permit the Court to reopen such an issue at this time, so Defendant's request must be denied.

## CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Motion to Reconsider (ECF No. 74) is **DENIED**.

DATED this 20th day of April, 2011.

_____
Gloria M. Navarro
United States District Judge